**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50426 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:13-cr-03921-BEN-1 |
| MICHAEL LUSTIG, AKA George, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 4, 2020[**]
Pasadena, California

Before:  TASHIMA, HURWITZ, and FRIEDLAND, Circuit Judges.

Michael Lustig appeals the district court's denial of his motions to suppress

evidence, compel discovery, and dismiss the indictment, which followed a remand

after our decision in *United States v. Lustig* (*Lustig I*), 830 F.3d 1075 (9th Cir.

2016).  The background facts about the charges against Lustig are described in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Lustig I*, and the parties are familiar with the proceedings that occurred on remand, so we do not recount them here. We affirm.

1. "We review de novo a district court's denial of a motion to suppress," but we review the district court's underlying factual findings for clear error. *United States v. Lara*, 815 F.3d 605, 608 (9th Cir. 2016); *see Lustig I*, 830 F.3d at 1079.

With respect to Lustig's motion to suppress all evidence related to MF2, the district court did not clearly err by crediting Deputy Sheriff Chiappino's testimony that his investigation into MF2 was not tainted by the Car Phone searches. Chiappino plausibly explained that, after a string of database queries that had been spurred by the Car Phone evidence, he started on a new track by looking up a phone number that was associated with suspicious Pocket Phone text messages, which led him directly to MF2. If Chiappino's testimony is credited, as the district court reasonably concluded it should be, the Car Phone searches were not the but-for cause of the investigation into Lustig's interactions with MF2. The district court therefore appropriately declined to exclude MF2-related evidence as fruit of the poisonous tree. *See United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005).

Lustig waived any challenge to evidence about MF1. Although Lustig's counsel mentioned a potential future MF1-related suppression request during an initial hearing in the district court, his written motion did not seek to suppress

MF1-related evidence. And he did not request a ruling on MF1-related evidence from the district court after it issued an order that did not address that evidence. In these circumstances, Lustig's decision to renew his guilty plea shows that he "was aware of the right he was relinquishing and relinquished it anyway." *See United States v. Depue*, 912 F.3d 1227, 1233 (9th Cir. 2019) (en banc).

2. Neither Federal Rule of Criminal Procedure 16 nor *Brady v. Maryland*, 373 U.S. 83 (1963), required the Government to produce more information than it did. Based on the information that was produced, Lustig was able to litigate vigorously and comprehensively his theory of how Car Phone evidence could have tainted the investigation. He has not shown that the additional material he requested, such as additional screenshots from the database Chiappino searched, would have been material to his defense under the standards of either Rule 16 or *Brady*. *See United States v. Cano*, 934 F.3d 1002, 1022-23 (9th Cir. 2019) (describing materiality standards).

3. The district court did not err by declining to dismiss the indictment. Lustig obtained the evidence necessary for him to litigate his suppression motion before renewing his guilty plea. And although there were some changes in Chiappino's narrative over time—as Chiappino acknowledged on cross-examination—the discrepancies Lustig has identified are relatively minor. They do not rise to the level of outrageousness necessary to require dismissal of the

3

indictment.  *See United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013).

**AFFIRMED.**